IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KENNETH STOVALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-0976-O-BP |
| § | |
| 322ND DISTRICT COURT OF § | |
| TARRANT COUNTY, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 3, 2025, *pro se* Plaintiff Kenneth Stovall filed a civil complaint and motion to proceed *in forma pauperis* ("IFP") in the Dallas Division of this court. ECF Nos. 3, 5. On September 8, United States District Judge Jane J. Boyle transferred the case to this division, and it was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 12, 13.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

This case is a new civil action.

B.  PARTIES

Kenneth Stovall is the plaintiff. He names the 322nd District Court of Tarrant County; Judge James B. Munford; Judge Jeffrey N. Kaitcer; Brandy Michelle Austin; Niesha Wilhite; Cheryl Rauscher; Ashley Conyers Title IV-D Program; Tarrant County, Texas; Officer Jonathan Wimberly; and Officer Doug Williams as defendants.

C.  LEGAL ANALYSIS

To proceed with a civil action in this court, a plaintiff must either pay the $405.00 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On September 15, the Court determined that Plaintiff's IFP motion was deficient because he did not use the required long-form IFP application, which elicits information that is necessary for the Court to consider when assessing a plaintiff's pauper status. ECF No. 15. The Court ordered Plaintiff to either pay the $405.00 filing and administrative fees or file a complete long-form IFP application by October 15. *Id.* The Court provided Plaintiff the form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.*

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order or sought an extension of time to do so. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court order and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    It is so **ORDERED** on October 22, 2025.

                                                                      _____
                                                                      Hal R. Ray, Jr.
                                                                      UNITED STATES MAGISTRATE JUDGE